THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JUDY PETERSON, Defendant-Appellant.

Second District   No. 2—85—0775

Opinion filed December 23, 1986.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, and Andrea Becker, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:
The defendant, Judy Peterson, appeals from the decision of the circuit court which terminated her drug-treatment supervision and entered judgment on her guilty plea for the offense of deceptive practices. On appeal, the defendant contends that the court denied her minimum due process when it terminated her drug-treatment supervision based upon information contained in a written report, the author of which was not presented as a State's witness, as well as the testimony of an employee of Treatment Alternative to Street Crimes, Inc. (TASC), with no personal knowledge of the defendant or her participation in the TASC program. For the reasons set forth below, we affirm.

On May 29, 1984, the defendant was charged with the offense of deceptive practices in violation of section 17–1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 17–1). Subsequently, she filed a petition to elect to be treated as a narcotics addict pursuant to section 21 of the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6321). The court then deferred entry of judgment and placed the defendant under the supervision of TASC.

On March 26, 1985, the State filed a petition to vacate the order for drug treatment. The petition alleged that TASC terminated the defendant from its program after she had failed to provide it with urine samples and failed to attend various counseling sessions.

On June 4, 1985, at the hearing on the petition, TASC drug repre-

sentative Robert Neale testified that he and the defendant had initially reviewed and signed a document which explained the rules by which all TASC participants must abide. Tina Fensterman, area coordinator for TASC, then testified that in the spring of 1985, she received a letter and discharge summary report from TASC representative Michael Goldman regarding the defendant. Goldman is a case manager at the Chicago TASC office. Fensterman stated that she has never talked with the defendant. She further admitted that she obtained her knowledge of the circumstances which surrounded the defendant's termination from TASC solely from the discharge summary report and a telephone conversation with its author. Defense counsel objected to Fensterman's testimony regarding the contents of Goldman's report on the ground that it constituted inadmissible hearsay. The court overruled the defense counsel's objections. However, the court did require the State to elicit from Fensterman a foundation for the report under the business-records exception to the hearsay rule.

According to Fensterman, Goldman's report alleged that TASC placed the defendant on a "first jeopardy" status after she was terminated from Northside Clinic. TASC then placed her on "second jeopardy" status after she failed to make urine drops and was unexcusably absent from subsequent TASC meetings. The defendant reached "third jeopardy" status on February 27, 1985, after she failed to attend a meeting regarding her "second jeopardy" designation.

Defendant did not testify at the hearing, and the defense presented no other witnesses.

At the conclusion of this hearing, the court vacated its order that the defendant be placed on drug-treatment supervision and entered a judgment of conviction on her guilty plea. On August 9, 1985, the court denied the defendant's motion for a new hearing and sentenced the defendant to three years' imprisonment. Thereafter, on September 25, 1985, the court denied the defendant's motion pursuant to Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)) in which she asked that the court allow her to withdraw her guilty plea and plead anew. This appeal followed.

On appeal, the defendant argues that the State's presentation of inadmissible hearsay evidence denied the defendant her minimal due process right to confront and cross-examine her accuser. Specifically, the defendant contends that as Tina Fensterman lacked both personal knowledge of the defendant, as well as the course of her treatment at TASC, Fensterman's testimony with regard to the facts upon which TASC's decision to terminate the defendant was based constituted in-

admissible hearsay. Similarly, she argues that the general and vague statements entered on the case manager's report were also inadmissible hearsay. The State responds, however, that since the due process procedures which this court outlined in *People v. Beckler* (1984), 121 Ill. App. 3d 436, 440, do not exclude the use of hearsay, the procedures used in this case sufficiently afforded the defendant her minimum due process rights.

Section 22 of the Alcoholism and Substance Abuse Act provides, in pertinent part, as follows:

"If, before the supervisory period expires, the licensed program designated by the Department determines that the individual cannot be further treated, it shall so advise the court. The court shall thereupon terminate the supervision, and the pending criminal proceedings may be resumed." Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6322.

■■ ■ We have held that an individual placed under drug-treatment supervision has a protected liberty interest such that he or she must be accorded procedural due process before the court may terminate the supervision and resume criminal proceedings. (*People v. Beckler* (1984), 121 Ill. App. 3d 436, 440.) In *Beckler*, we also underlined the procedures required to provide due process. Specifically, a hearing must be held before the court makes the determination on the licensed program's decision that the individual cannot be further treated. Additionally, the individual subject to termination shall be accorded the following rights: (1) a written notice of the reasons the individual cannot be further treated; (2) an opportunity to be heard and to present witnesses; (3) disclosure to him of the evidence against him; and (4) the right to confront and cross-examine witnesses. (121 Ill. App. 3d 436, 441.) Where appropriate, this evidence should be flexible enough to admit evidence including letters, affidavits, and other material that might not be admissible in a trial. (See *People v. Prather* (1977), 55 Ill. App. 3d 54, 65, (Craven, J., concurring).) However, in light of the general lenient purpose of the statute, the flexibility in such proceedings should be applied in a defendant's favor. (*People v. Paxton* (1985), 135 Ill. App. 3d 680, 684.) The purpose of these procedures is to insure that the determination by the licensed program that the defendant cannot be further treated is not arbitrary. *People v. Beckler* (1984), 121 Ill. App. 3d 436, 441; see *Meachum v. Fano* (1976), 427 U.S. 215, 226, 49 L. Ed. 2d 451, 460, 96 S. Ct. 2532, 2539.

■ The ultimate issue before the trial court was whether TASC arbitrarily made the subjective determination to terminate the defend-

ant. (*People v. Beckler* (1984), 121 Ill. App. 3d 436, 441.) The trial court's discretion in such matters lies in its determination of the fairness or arbitrariness of the treatment program's subjective decision. *People v. Paxton* (1985), 135 Ill. App. 3d 680, 684.

We are of the opinion that, in the present case, the State presented the trial court with enough evidence with which to determine that the licensed program did not make the subjective decision arbitrarily. At the hearing, the primary evidence which established the defendant's failure to comply with TASC requirements was People's exhibit No. 2, a treatment summary record. That document was accompanied by a letter directed to the trial court and signed by Michael Goldman, the defendant's case manager. Admission of these documents under the business-records exception to the hearsay rule pursuant to Supreme Court Rule 236(a) (103 Ill. 2d R. 236(a)) was supported by the testimony of Tina Fensterman, the area coordinator for TASC. Fensterman testified that TASC terminated the defendant after she was placed on third jeopardy status. Specifically, Fensterman stated that the defendant was placed in first jeopardy status due to unsuccessful termination from the Northside Clinic; her second jeopardy status was due to unexcused absences from meetings and urine drops; and her third jeopardy status resulted from missing a scheduled meeting to discuss her second jeopardy status. We note that, at the hearing, the defendant objected to the admission of these documents by asserting that since Fensterman did not personally fill them out, she was not the proper witness to provide the foundation testimony. Such arguments are without merit. See *People v. Shaw* (1985), 133 Ill. App. 3d 391, 402.

The defendant's argument that the facts related in the treatment summary record are inaccurate is also without merit. The business-records rule recognizes that records of an act, occurrence, or event routinely made at the time of the transaction, or within a reasonable time thereafter, are normally sufficiently reliable in nature to be admissable in evidence despite their hearsay character. (*People ex rel. Schacht v. Main Insurance Co.* (1983), 114 Ill. App. 3d 334, 344.) The rationale for the business-records exception is that in carrying on the proper transactions of business, business records are useless unless accurate, making the motive to follow a routine of accuracy great while making the motive to falsify nonexistent. (*Birch v. Township of Drummer* (1985), 139 Ill. App. 3d 397, 407.) The defendant could have subpoenaed Michael Goldman, the author of the treatment summary. As she did not, those records will be presumed accurate.

Defendant's reliance on *Paxton* and *Beckler* is somewhat mis-

placed as in both cases, the facts are distinguishable. In *Paxton*, the witness who testified could not specify acts of conduct which resulted in Paxton's third jeopardy status. The court there held that since the evidence of the reasons for Paxton's discharge from the treatment program was based entirely upon speculation and hearsay testimony, minimal due process protection was not afforded to Paxton. In *Beckler*, the sole evidence used to terminate the defendant was a letter which stated that the defendant's conduct was unacceptable, stating no reasons for this determination. In the present case, however, the treatment summary record specified which of the defendant's transgressions led to her termination. This negates the defendant's contention that TASC discharged her arbitrarily. Furthermore, Fensterman was available for questioning and cross-examination as to TASC procedures, as well as the meaning of the records, so as to satisfy the defendant's right to confront adverse witnesses. We are of the opinion that the court accorded the defendant all her due process rights in this case.

Accordingly, for all the reasons set forth above, the judgment of the court of Winnebago County is affirmed.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.