Docket No. 109321.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

DONALD B. COOKSON, Appellee, v. TODD PRICE *et al.*, Appellants.

*Opinion filed December 23, 2010.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion.

## OPINION

This court granted leave to appeal in this case in order to determine whether section 2–622 of the Code of Civil Procedure (735 ILCS 5/2–622 (West 2008)) requires the filing by plaintiff of a health professional's report of the exact class as the defendant within the first 90 days after the filing of the complaint. On October 25, 2007, plaintiff herein, Donald Cookson, filed a two-count complaint alleging medical malpractice on the part of a physical therapy assistant, defendant Todd Price, and his employer, defendant Institute of Physical Medicine and Rehabilitation. Plaintiff's attorney attached an affidavit to the complaint stating that he was unable to obtain the consultation with a medical professional required by section 2–622(a)(1), before the expiration of the statute of limitations, but would file the written report within 90 days after the filing of the

complaint. See 735 ILCS 5/2–622(a)(2) (West 2008).

On January 28, 2008 plaintiff's attorney filed an affidavit and written report including the signature of Dr. Jeffrey Kornriech, a physician specializing in physical medicine and rehabilitation. Defendants moved to dismiss, claiming that plaintiff's health professional report was required to be authored by a physical therapy assistant like Price, rather than a physician. The version of section 2–622 in effect at the time required: "As to defendants who are individuals, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant." 735 ILCS 5/2–622(a)(1) (West 2008). Plaintiff initially challenged the motion to dismiss but, ultimately, on July 18, 2008, filed a motion to file an amended affidavit of attorney which included a new health professional's report written by a physical therapy assistant, Jim Modglin. Defendants objected to the motion to file an amended affidavit because it came more than 90 days after the expiration of plaintiff's first 90-day extension. Defendants argued that only one extension is available to a plaintiff pursuant to section 2–622(a)(2). The trial court granted defendants' motion to dismiss.

The appellate court reversed, finding, *inter alia*, that a trial court may grant leave to file an amended complaint with a new affidavit and health professional's report, and that here the purpose of section 2–622 would not be frustrated by allowing plaintiff to do so. 393 Ill. App. 3d 549. Defendants filed a petition for leave to appeal from the appellate court's decision, which this court granted on January 27, 2010. However, on February 4, 2010, this court filed its opinion in *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 250 (2010), holding Public Act 94–677, containing the version of section 2–622 at issue here, unconstitutional on grounds unrelated to section 2–622. Because Public Act 94–677 contained a nonseverability provision, this court held the Act "invalid and void in its entirety." *Id.*

The effect of declaring a statute unconstitutional is to revert to the statute as it existed before the amendment. *People v. Gersch*, 135 Ill. 2d 384, 390 (1990). Thus, following *Lebron*, section 2–622 reverted to the prior version that went into effect in May 1998, Public Act 90–579. However, in *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 424-25, 450 (2008), this court found that the only effect of Public Act 90–579 was to add naprapaths to a list of

health professionals set forth in the pre-1995 version of section 2–622(a)(1). Thus, except for the naprapath language, the statute now reads as it did when amended in 1989 by Public Act 86–646. *Id.*; 735 ILCS 5/2–622 (West 1994).

Because the version of section 2–622 in effect at the time of this appeal is void, the reasons upon which this court relied in granting leave to appeal no longer exist. See Ill. S. Ct. R. 315(a) (eff. Oct. 15, 2007). Accordingly, as "a matter of sound judicial discretion," we now decline to address the merits of the substantive issue raised herein (Ill. S. Ct. R. 315(a) (eff. Oct. 15, 2007)) and dismiss this appeal. However, we believe the parties should have an opportunity to argue the question of how the current version of section 2–622 applies to the facts of this case. Therefore, in the exercise of our supervisory authority, the appellate court is directed to vacate its judgment; this cause is remanded to the circuit court of Tazewell County to vacate its order granting defendants' motion to dismiss plaintiff's complaint, and for further proceedings to determine whether plaintiff's pleadings meet the current requirements of section 2–622.

Appeal dismissed;
supervisory order entered.