# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Lambert v. Coonrod, 2012 IL App (4th) 110518**

---

| | |
|---|---|
| Appellate Court Caption | RICHARD WAYNE LAMBERT and BILLIE JO LAMBERT, Plaintiffs-Appellants, v. TIM COONROD, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-11-0518 |
| Filed | March 5, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when he fell off a wire spool while helping defendant with a project at defendant's residence, the trial court did not abuse its discretion in refusing to admit defendant's statement at the hospital where plaintiff was treated that plaintiff and his wife would not have to pay any of the expenses, since the statement was barred by section 8-1901 of the Code of Civil Procedure and Rule 409 of the Illinois Rules of Evidence, and photographs of the scene of the fall taken one year later were properly admitted over plaintiffs' contention that they were prejudicial due to the depiction of a ladder, because the jury was admonished that the photographs were admitted to show the interior of the shed and the position of the loft into which plaintiff was trying to reach when he fell and that they were not to be concerned about the shed's contents. |
| Decision Under Review | Appeal from the Circuit Court of Macoupin County, No. 09-L-23; the Hon. Patrick J. Londrigan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal     Byron J. Sims (argued), of Kasten, Ruyle, Sims & Bellm, P.C., of Carlinville, for appellants.

Dominique N. Seymoure (argued), of Reed, Armstrong, Gorman, Mudge & Morrissey P.C., of Edwardsville, for appellee.

Panel     PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.

Justices Steigmann and Cook concurred in the judgment and opinion.

## OPINION

¶ 1     In October 2010, plaintiffs, Richard Wayne Lambert and Billie Jo Lambert, filed a two-count complaint against defendant, Tim Coonrod, to recover damages for injuries sustained by Richard at Coonrod's residence. In February 2011, a jury found in favor of defendant and against plaintiffs.

¶ 2     On appeal, plaintiffs argue the trial court erred in (1) improperly denying admission of defendant's statement to Billie Jo and (2) admitting prejudicial photographs into evidence. We affirm.

¶ 3                   I. BACKGROUND

¶ 4     In August 2009, Richard filed a complaint in negligence against Coonrod after an October 2008 fall with injury on Coonrod's property. Richard alleged he was helping Coonrod with a project that required him to reach for a light above him. While mounting a coil spool, Richard fell backward and landed on the spool. Richard alleged Coonrod failed to provide a safe and stable platform from which he could work and failed to warn him that the spool he stood upon was or could be unstable and easily tipped. Richard alleged he sustained injuries to his left side and back, including a lumbar fracture and broken rib. In October 2009, Coonrod filed his answer and asserted the affirmative defense of contributory negligence.

¶ 5     In October 2010, plaintiffs filed an amended two-count complaint against Coonrod. Count I realleged the negligence claim pertaining to Richard's injuries. Count II set forth a claim of loss of consortium on behalf of Billie Jo. Count II alleged Richard's injuries deprived Billie Jo of the affections, society, companionship, and consortium of her husband. In December 2010, Coonrod filed his answer to the amended complaint.

¶ 6     In February 2011, Coonrod filed a motion *in limine*. In part, Coonrod asked the trial court to bar plaintiffs from referencing or suggesting to the jury that Coonrod offered to pay Richard's medical expenses. See 735 ILCS 5/8-1901 (West 2004); Ill. R. Evid. 409 (eff. Jan.

1, 2011). Plaintiffs objected, claiming Coonrod made a statement to Billie Jo that he was sorry about the incident and would take care of the expenses. Plaintiffs argued evidence of a defendant's offer or payment of a portion of a plaintiff's expenses is admissible as a statement inconsistent with the party's position at trial, where it was not part of any settlement negotiation or offer of compromise. The court found Coonrod's statement that he was sorry about the incident was admissible but testimony about payment of medical expenses was not.

¶ 7        In February 2011, a jury trial commenced. Prior to the start of the trial, plaintiffs' counsel made an offer of proof as to the alleged statement made by Coonrod. Billie Jo testified that while at the hospital on October 30, 2008, "Coonrod stated that he was very sorry that the accident happened, and he promised that we would have nothing to worry about and we wouldn't have to pay a dime of any expenses." Billie Jo stated Coonrod never used the phrase "medical expenses," and she understood his statement to include "anything in general that we needed help with."

¶ 8        Richard testified he has worked as a laborer for Aladdin Steel in Carlinville since 1998. He is married to Billie Jo, and they have two grown children. On October 30, 2008, Richard went to the home of his "good friend" to put up Halloween decorations that were stored in an 8-foot by16-foot shed. Some of the decorations were on the floor and others were in a loft, which was about six feet high. Richard stated Coonrod pulled a wooden wire spool over to the loft. The spool was approximately 24 inches in diameter and painted. Richard described it as "slick and shiny." Richard did not see a ladder or a step stool in the shed, and there was no built-in access to get to the loft. At one point, Coonrod stepped on the spool, grabbed a couple of boxes, and handed them to Richard. Coonrod then asked Richard to reach some items in the back. Richard stepped onto the spool and grabbed the edge of the loft. As he prepared to get into the loft, "the spool teetered." Richard then lost his grip and fell. He landed on the edge of the spool on his lower back and left side. Richard eventually was taken to the hospital by ambulance. Richard testified he was off work for eight weeks. He stated he was still stiff and sore with lower-back pain. He stated he has difficulty walking, hiking, and gardening.

¶ 9        On cross-examination, Richard acknowledged the spool was designed to hold wire and not for a person to stand on. He stated he did not check the stability of the spool before stepping on it. He also did not ask or look for a ladder. Richard returned to work on December 29, 2008, and continued in his steelworker position.

¶ 10        Billie Jo testified she was at work on October 30, 2008, when she received a call from the police that her husband had been in an accident. At the hospital, Coonrod told her he was very sorry that the accident happened. Billie Jo also testified to the activities Richard is no longer able to perform.

¶ 11        Plaintiffs presented the evidence deposition of Dr. Brian Quarton, who treated Richard. The parties stipulated Richard incurred medical expenses totaling $23,765.30 and lost wages totaling $5,073.60.

¶ 12        Coonrod testified he asked Richard to come over to help him get Halloween decorations out of the storage shed. Counsel showed Coonrod several pictures of the interior of his shed,

which included a ladder on the wall. Coonrod stated the pictures were taken and the ladder was purchased after the accident. The wire spool had been converted into a patio table. Prior to Richard's fall, Coonrod did not step on the spool. Coonrod stated Richard was taking items off the shelf and handing them to him. Coonrod never saw Richard stand on the spool before he fell.

¶ 13 Following Coonrod's testimony, plaintiffs' counsel objected to the admission of the photos of the shed. Counsel argued the photos were taken a year after the incident and included items that were not present on the date of the occurrence. The trial court admitted the photos. The court admonished the jury the photos were admitted to show the structure of the shed and the position of the loft. The court told the jury it should not concern itself with the contents of the shed, just the structure and the shelving.

¶ 14 Following closing arguments, the jury found in favor of Coonrod and against plaintiffs. In March 2011, plaintiffs filed a posttrial motion for a new trial, arguing the trial court erred in excluding Coonrod's statement to Billie Jo that he would take care of the expenses. Plaintiffs also argued the court erred in admitting the photos of the shed, claiming they were not taken on the date of the occurrence and were "highly prejudicial" because they showed a ladder and other items that were not present at the time of the accident. In June 2011, the court denied the motion. This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16                              A. Coonrod's Statement

¶ 17 Plaintiffs argue the trial court improperly denied admission into evidence a statement made by Coonrod to Billie Jo that he offered to pay all of Richard's expenses pertaining to the incident. We disagree.

¶ 18 "A trial judge has discretion in granting a motion *in limine* and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused." *Swick v. Liautaud*, 169 Ill. 2d 504, 521, 662 N.E.2d 1238, 1246 (1996). To the extent plaintiffs' argument requires the construction of a statute or rule of evidence, it presents a question of statutory interpretation, which we review *de novo*. *McFatridge v. Madigan*, 2011 IL App (4th) 100936, ¶ 26, 2011 WL 6288120, at *5; see also *In re Storment*, 203 Ill. 2d 378, 390, 786 N.E.2d 963, 970 (2002) (stating the interpretation of a rule is reviewed *de novo*). In construing a statute, the fundamental rule "is to ascertain and give effect to the legislature's intent." *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11, 958 N.E.2d 1021, 1023. "The most reliable indicator of that intent is the statutory language itself, which must be given its plain and ordinary meaning." *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 16, 953 N.E.2d 415, 420-21.

¶ 19 Section 8-1901(a) of the Code of Civil Procedure (735 ILCS 5/8-1901(a) (West 2010)) provides as follows:

"The providing of, or payment for, medical, surgical, hospital, or rehabilitation services, facilities, or equipment by or on behalf of any person, or the offer to provide, or pay for, any one or more of the foregoing, shall not be construed as an admission of any liability by such person or persons. Testimony, writings, records, reports or information with

-4-

respect to the foregoing shall not be admissible in evidence as an admission of any liability in any action of any kind in any court or before any commission, administrative agency, or other tribunal in this State, except at the instance of the person or persons so making any such provision, payment or offer."

Section 8-1901(a), along with section 8-1901(b), was part of Public Act 94-677, which became effective on August 25, 2005. Pub. Act 94-677, § 330 (eff. Aug. 25, 2005) (2005 Ill. Laws 4964, 5000). In February 2010, the supreme court, in considering the constitutionality of the statute limiting the recovery of noneconomic damages in a medical malpractice action, held Public Act 94-677 "invalid and void in its entirety." *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 250, 930 N.E.2d 895, 914 (2010). "The effect of declaring a statute unconstitutional is to revert to the statute as it existed before the amendment." *Cookson v. Price*, 239 Ill. 2d 339, 341, 941 N.E.2d 162, 164 (2010).

¶ 20     The prior version of section 8-1901 included the same provision as subsection (a) above, but without section 8-1901(b) which is irrelevant in this case, and became effective on July 1, 1982. 735 ILCS 5/8-1901 (West 2004). Thus, this version of section 8-1901 applied here.

¶ 21     Also, on September 27, 2010, our supreme court adopted the Illinois Rules of Evidence, which became effective in Illinois courts on January 1, 2011. Rule 409 (Ill. R. Evid. 409 (eff. Jan. 1, 2011)) provides as follows:

> "In addition to the provisions of section 8-1901 of the Code of Civil Procedure (735 ILCS 5/8-1901), evidence of furnishing or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury is not admissible to prove liability for the injury."

¶ 22     In their brief on appeal, plaintiffs argue the newly effective Rule 409 does not apply because Richard's accident took place in October 2008 and the first complaint was filed in August 2009. However, plaintiffs offer no support for their contention. The supreme court stated the rules became effective on January 1, 2011, and nowhere did the court state that they did not apply to cases that were pending but had not yet gone to trial. Moreover, a change in a rule affecting matters of procedure, such as a rule of evidence, and not substantive rights, applies retroactively to pending cases. See *Niven v. Siqueira*, 109 Ill. 2d 357, 364, 487 N.E.2d 937, 941 (1985) ("[a] new law which affects only procedure generally applies to litigation pending when the law takes effect"); *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442, 823 N.E.2d 213, 216 (2005) ("a procedural change in the law prescribes a method of enforcing rights or involves pleadings, evidence and practice"). Rule 409 involves matters of evidence, a procedural issue, and thus the rule applied here since plaintiffs' trial took place after the rule's effective date.

¶ 23     Plaintiffs argue the facts of this case render section 8-1901 and Rule 409 inapplicable. As set forth in the offer of proof, plaintiffs sought to introduce testimony from Billie Jo, wherein she would relate a statement made by Coonrod at the hospital. Billie Jo testified Coonrod "promised that [plaintiffs] would have nothing to worry about and [they] wouldn't have to pay a dime of any expenses."

¶ 24     Plaintiffs claim section 8-1901 deals with medical expenses, and Coonrod's statement was not limited to medical expenses but "would necessarily include any and all out-of-pocket

losses sustained by Plaintiff, including lost wages, mileage or any other expenses incurred." However, the clear language of section 8-1901 prohibits the admission of Coonrod's statement on the issue of liability. Considering the statement was made at the hospital, Coonrod was clearly referencing expenses resulting from Richard's treatment. Accordingly, we find Coonrod's statement regarding the payment of plaintiffs' expenses was inadmissible under section 8-1901 to prove liability.

¶ 25 Coonrod's statement was also inadmissible under Rule 409. The clear language of Rule 409 is broad enough to include expenses beyond hospital and medical costs. Rule 409 states its prohibition is "in addition to" the provisions of section 8-1901. Moreover, Rule 409 excludes evidence of promises to pay "similar expenses occasioned by an injury."

¶ 26 We find the statement at issue was barred by section 8-1901 and Rule 409. Thus, we find the trial court did not abuse its discretion in denying Coonrod's statement into evidence.

¶ 27                                   B. Shed Photographs

¶ 28 Plaintiffs argue the trial court erred in admitting the shed photographs into evidence because they did not accurately depict the scene of the occurrence at the time of the incident. We disagree.

¶ 29 "Evidence is deemed relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Ford v. Grizzle*, 398 Ill. App. 3d 639, 648, 924 N.E.2d 531, 540 (2010). "In general, photographs are admissible into evidence if they are identified by a witness who has personal knowledge of the subject matter depicted in the photographs and the witness testifies that the photographs are a fair and accurate representation of the subject matter at the relevant time." *People v. Martinez*, 371 Ill. App. 3d 363, 380, 862 N.E.2d 1022, 1037 (2007). A photograph "may be excluded if it is irrelevant or immaterial or if its prejudicial nature clearly outweighs its probative value." *Boren v. BOC Group, Inc.*, 385 Ill. App. 3d 248, 255, 895 N.E.2d 53, 60 (2008). Moreover, "where a photograph might confuse or mislead the jury it may be inadmissible." *Amstar Corp. v. Aurora Fast Freight*, 141 Ill. App. 3d 705, 708, 490 N.E.2d 1067, 1070 (1986). Whether to admit a photograph rests within the sound discretion of the trial court, and we will not reverse that decision absent an abuse of discretion. *Baraniak v. Kurby*, 371 Ill. App. 3d 310, 316-17, 862 N.E.2d 1152, 1158 (2007).

¶ 30 In the case *sub judice*, Coonrod testified to pictures of his shed that were taken approximately one year after the incident occurred. The pictures showed the interior of the shed, including the shelving area. Coonrod testified the photos fairly and accurately depicted the layout of the shed, although not the items therein, at the time of the accident. He also testified the ladder in the picture was purchased after the accident had occurred. Plaintiffs argue the photos were highly prejudicial because they showed a "ladder as being available and conveniently located in the shed."

¶ 31 The photos of the shed were relevant in this case. The pictures showed the interior of the shed where the accident took place, as well as the white-painted spool that Richard stepped on before falling. Although the ladder was not present at the time of the accident, the jury

cannot be said to have been misled by the photo. Coonrod testified he purchased the ladder after the accident. Moreover, the trial court admonished the jury that the photos were being admitted to show the interior of the shed and the position of the loft. The court told the jury it was not to concern itself with the contents of the shed depicted in the photos. We find no abuse of discretion.

¶ 32                                    III. CONCLUSION

¶ 33        For the reasons stated, we affirm the trial court's judgment.

¶ 34        Affirmed.