2022 IL 126464

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126464)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT J. GORSS, Appellant.

*Opinion filed January 21, 2022.*

JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Theis, Michael J. Burke, Overstreet, and Carter concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Robert J. Gorss, pled guilty to one count of aggravated driving under the influence (DUI) and was sentenced to 11 years' imprisonment. Gorss, through counsel, filed a motion to reconsider his sentence, and counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The circuit court of Cook County denied the motion, and Gorss appealed. On appeal, the appellate

court affirmed Gorss's conviction and sentence and found that counsel's Rule 604(d) certificate did not violate the rule. No. 2-18-0646 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)). We allowed Gorss's petition for leave to appeal pursuant to Illinois Supreme Court Rule 315 (eff. Oct. 1, 2020). For the following reasons, we now reverse the judgment of the appellate court and remand the cause to the circuit court for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3                              A. Circuit Court Decision

¶ 4        On May 1, 2018, Gorss entered an open plea of guilty to one count of aggravated DUI in connection with the September 7, 2016, vehicle accident causing the death of Dawn Nikeas. Gorss was sentenced to 11 years in prison to be served at 85%, followed by a 3-year term of mandatory supervised release (MSR).

¶ 5        On July 6, 2018, through his attorney, Gorss filed a motion to reconsider his sentence, arguing that the sentence was excessive and failed to consider numerous factors in mitigation, but the circuit court denied the motion. On July 9, 2018, Gorss filed a notice of appeal, which was dismissed by the circuit court on Gorss's own motion pursuant to Illinois Supreme Court Rule 309 (eff. July 1, 2017) to allow counsel to file a Rule 604(d) certificate.

¶ 6        On August 13, 2018, counsel filed a Rule 604(d) certificate, which stated:

> "1) The below-signed attorney has consulted with the defendant in person to ascertain the Defendant's claim of error in the entry of the sentence.
>
> 2) The below-signed attorney has examined the guilty plea transcript and sentencing transcript and the trial court file herein;
>
> 3) The below-signed attorney has considered any amended motion to [r]econsider the [s]entence necessary for adequate presentation of any claim or error about the sentence.
>
> 4) The Defendant does not desire to withdraw the guilty plea.
>
> 5) The Defendant does desire to reconsider the sentence."

Counsel made no amendments to the motion to reconsider, and on August 13, 2018, the circuit court denied the motion.

¶ 7                                    B. Appellate Court Decision

¶ 8         On appeal, Gorss argued that (1) the circuit court abused its discretion by failing to consider the mitigating evidence and his rehabilitative potential when imposing the sentence and (2) counsel failed to strictly comply with Rule 604(d) by failing to state, in the certificate, that he consulted with Gorss to ascertain his contentions of error with the entry of the guilty plea. The appellate court rejected Gorss's arguments and affirmed his conviction and sentence. See No. 2-18-0646 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)). In so doing, the appellate court reasoned that Gorss's sentence fell within the applicable sentencing range, that there was no reason to conclude that the circuit court failed to consider both the mitigating evidence and his rehabilitative potential when imposing his sentence, and, relying on *People v. Peltz*, 2019 IL App (2d) 170465, that counsel's certificate strictly complied with Rule 604(d). Gorss now appeals to this court.

¶ 9                                         II. ANALYSIS

¶ 10        The sole issue before this court is whether counsel's certificate strictly complied with Rule 604(d). Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*. *People v. Wilmington*, 2013 IL 112938, ¶ 26 (citing *People v. Thompson*, 238 Ill. 2d 598, 606-07 (2010)). To address this issue on appeal, we must interpret Rule 604(d), and in so doing, we apply the same principles that govern statutory construction. See *In re H.L.*, 2015 IL 118529, ¶ 6 (citing *Thompson*, 238 Ill. 2d at 606). In interpreting this court's rules, we must ascertain and give effect to the drafters' intent. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006). The most reliable indicator of the drafters' intent is the language of the rule, which must be given its plain and ordinary meaning. *People v. Santiago*, 236 Ill. 2d 417, 428 (2010); *People v. Marker*, 233 Ill. 2d 158, 165 (2009). Where the language is clear and unambiguous, it will be applied as written without resort to aids of construction. *Thompson*, 238 Ill. 2d at 606. Moreover, where the language used is plain and unambiguous, we may not "depart from its terms" or read into the rule

exceptions, limitations, or conditions that conflict with the drafters' intent. *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 38 (2009). "As with statutes, the interpretation of a supreme court rule presents a question of law, which we review *de novo*." *People v. Tousignant*, 2014 IL 115329, ¶ 8.

¶ 11                                   A. Language of Rule 604(d)

¶ 12        Rule 604(d) provides, in pertinent part, as follows:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

The rule also provides that the "certificate of counsel shall be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article VI Forms Appendix." *Id.*

¶ 13        The form of the certificate in the appendix includes the following language:

"I, _____, attorney for Defendant, certify pursuant to Supreme Court Rule 604(d) that:

1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty *and* in the sentence;

2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." (Emphasis added.) Ill. S. Ct. Art. VI Forms App'x R. 604(d).

¶ 14                                B. Purpose of Rule 604(d)

¶ 15        This court has consistently held that the purpose of Rule 604(d)

> " 'is to ensure that before a criminal appeal can be taken from a guilty plea, the
> trial judge who accepted the plea and imposed sentence be given the
> opportunity to hear the allegations of improprieties that took place outside the
> official proceedings and *dehors* the record, but nevertheless were unwittingly
> given sanction in the courtroom. Rule 604(d) provides for fact finding to take
> place at a time when witnesses are still available and memories are fresh.
> [Citation.] A hearing under Rule 604(d) allows a trial court to immediately
> correct any improper conduct or any errors of the trial court that may have
> produced a guilty plea. The trial court is the place for fact finding to occur and
> for a record to be made concerning the factual basis upon which a defendant
> relies for the grounds to withdraw a guilty plea. If the motion to withdraw the
> plea is denied, that decision can be considered on review.' " *Tousignant*, 2014
> IL 115329, ¶ 14 (quoting *People v. Wilk*, 124 Ill. 2d 93, 104 (1988)).

In other words, an important purpose of Rule 604(d) is to ensure that any errors that
may have resulted in a guilty plea and subsequent sentence are brought to the
attention of the circuit court before appeal, while memories are fresh and witnesses
are available. The certification requirement furthers this purpose by enabling the
circuit court to "ensure that counsel has reviewed the defendant's claim and
considered *all* relevant bases for the motion to withdraw the guilty plea or to
reconsider the sentence." (Emphasis in original.) *Id.* ¶ 16. " 'The attorney certificate
thereby encourages the preservation of a clear record, both in the trial court and on
appeal, of the reasons why a defendant is moving to withdraw his plea or to reduce
sentence.' " *H.L.*, 2015 IL 118529, ¶ 10 (citing *People v. Shirley*, 181 Ill. 2d 359,
361 (1998)).

¶ 16        This court, in *People v. Easton*, 2018 IL 122187, ¶ 32, highlighted the
importance of counsel's consultation in furthering the purpose of Rule 604(d):

> "[T]he goal of Rule 604(d) is to ensure that counsel's consultation with
> defendant encompasses any contentions of error in *both the entry of the guilty
> plea and the imposition of sentence*. The point of the rule is to *protect the
> defendant's interests through adequate consultation*. The certificate serves as

evidence that the requisite consultation has taken place. It is the mechanism by which the circuit court is able to verify that counsel has fulfilled the rule's requirements." (Emphases added.)

¶ 17                    C. Strict Compliance With Rule 604(d)

¶ 18    Before this court, Gorss argues that counsel did not strictly comply with Rule 604(d) because counsel did not certify that he spoke with Gorss regarding his contentions of error in his guilty plea. The State asserts that counsel did strictly comply with Rule 604(d) because, while counsel's certificate did not recite, verbatim, the language of the rule, it substantially adopted the content of the rule. We agree with Gorss.

¶ 19    This court has held that counsel must strictly comply with "each of the provisions of Rule 604(d)" and that the failure to do so requires "a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 33 (1994).

¶ 20    In arguing that counsel's certificate strictly complied with Rule 604(d), the State relies on *Peltz*, 2019 IL App (2d) 170465. In *Peltz*, as in the case under review, counsel certified that the defendant did not wish to withdraw his guilty plea but did not expressly state that she spoke with the defendant regarding his contentions of error in the plea. *Id.* ¶ 18. The appellate court acknowledged that counsel's certificate deviated from the form set forth in the rule in two ways: (1) it did not expressly certify that she consulted with the defendant regarding his contentions of error in the entry of his guilty plea, and (2) it included a statement not found in the form—" 'The [d]efendant does not desire to withdraw his guilty plea.' " *Id.* ¶ 22. The *Peltz* court found that the second deviation substituted for the first or, in other words, that counsel strictly complied with Rule 604(d) because the language she used in her certificate was not "ambiguous" and was a logical substitute for explicitly certifying that he or she consulted with the defendant about his guilty plea. *Id.* ¶¶ 22, 26, 28. The *Peltz* court reasoned that it logically follows that for counsel to certify that the defendant does not wish to withdraw his guilty plea, counsel must first have consulted with the defendant and, through that consultation,

determined that the defendant had no contentions of error in the entry of his guilty plea. *Id.* ¶ 22.

¶ 21 We disagree with both the reasoning and the result of the *Peltz* court and hereby overrule it. Instead, we find this court's holdings in *Tousignant* and *Easton* controlling. We recognize that, in both *Tousignant* and *Easton*, this court interpreted the prior language in Rule 604(d), which used the conjunction "or" and read, in pertinent part, that counsel must certify he has consulted with the defendant to ascertain his "contentions of error in the sentence *or* the entry of the plea of guilty" (emphasis added) (Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014)), rather than the current language in Rule 604(d), where the conjunction "and" is used—that counsel must certify he has consulted with the defendant to ascertain his "contentions of error in the sentence *and* the entry of the plea of guilty" (emphasis added) (Ill. S. Ct. R. 604(d) (eff. July 1, 2017)). Nevertheless, in furthering the purpose of Rule 604(d), our holdings in both cases are still relevant to, and controlling in, the case at bar.

¶ 22 In *Tousignant*, we reiterated the important purpose of Rule 604(d)—to ensure that the circuit court has the opportunity, before an appeal, to address any alleged improprieties that may have produced the guilty plea. *Tousignant*, 2014 IL 115329, ¶ 18. To require a consultation with the defendant only as to errors related to his guilty plea or his sentence would leave open the possibility that important errors were not addressed prior to appeal. Therefore, we held that, although the rule included the word "or," in keeping with the purpose of the rule, the word "and" should be read into the rule to require counsel to comply with what the present language of the rule mandates—that counsel certify that he has consulted with the defendant regarding his contentions of error with respect to the sentence and the entry of the guilty plea. *Id.* ¶¶ 18, 20.

¶ 23 In *Easton*, we reasoned that, "[w]here a certificate uses the word 'or' rather than 'and,' it does not confirm that both types of error were discussed with the defendant. Such a certificate is deficient because it offers the circuit court no assurance of counsel's compliance with the consultation obligation [of the rule]." *Easton*, 2018 IL 122187, ¶ 32.

¶ 24 Again, Rule 604(d) requires that counsel certify three things: (1) that he consulted with the defendant to ascertain his contentions of error in both the

sentence and guilty plea, (2) that he reviewed the common-law record and the report of proceedings from both the guilty plea and sentencing hearings, and (3) that he made any necessary amendments to the motion. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 25    Counsel's Rule 604(d) certificate, in this case, stated, *inter alia*, that (1) he consulted with Gorss to ascertain his claims of error in the entry of the sentence, (2) he examined the guilty plea transcript and sentencing transcript and the trial court file, (3) he considered any amended motion to reconsider the sentence necessary for adequate presentation of any claim or error regarding the sentence, and (4) Gorss does not desire to withdraw the guilty plea. Nowhere in the certificate does counsel certify that he has consulted with Gorss regarding his contentions of error (if any) with respect to the entry of the guilty plea. All we know from counsel's certificate is Gorss's desire with respect to the guilty plea. We do not know whether counsel consulted with Gorss as to his contentions of error with respect to the entry of the guilty plea.

¶ 26    The language of the rule is clear—counsel must certify that a consultation to ascertain the defendant's contentions of error as to both the sentence and entry of the guilty plea took place. This is to ensure that the defendant's interests are protected. *Easton*, 2018 IL 122187, ¶ 32 ("The point of the rule is to protect the defendant's interests through adequate consultation. The certificate serves as evidence that the requisite consultation has taken place."). In determining whether counsel strictly complied with the rule, we are to ascertain "what counsel *actually did* to achieve compliance with the rule." (Emphasis added.) *Id.* ¶ 34. "The clarity of our statement that 'counsel *is required* to certify' that he or she has consulted with the defendant as to both types of error cannot be challenged." (Emphasis in original.) *Id.* ¶ 35.

¶ 27    We are not persuaded by the State's argument that logic dictates that a consultation took place because counsel certified that Gorss did not want to withdraw his guilty plea. Instead, we find that the certificate as written leaves us to speculate as to whether a consultation took place. Indeed, counsel may have consulted with the defendant as to his guilty plea, but it is equally possible that he did not. We find Justice McLaren's dissent in *Peltz* persuasive. The dissent reasoned:

"We are left to speculate as to what occurred between counsel's examination of the report of proceedings of the plea of guilty and defendant's stated desire not to withdraw his plea. Did defendant waive the issue or forfeit it? Such ambiguities provide the basis for facially meritorious grounds for further proceedings. Counsel did not certify that she related to defendant her opinion and advice regarding the results of her examination. Did counsel (1) see no error, tell that to defendant, and advise that he not bother to move to withdraw his plea; (2) find error and discuss its implications with defendant, who ultimately decided that he did not wish to seek to withdraw his plea; or (3) find error but decide not to tell defendant about it because defendant had initially filed only a motion to reconsider but not a motion to withdraw? All three are possible, and none is any more likely than the others. The fact that any of the three could have happened provides a basis for further postconviction proceedings." *Peltz*, 2019 IL App (2d) 170465, ¶ 49 (McLaren, J., dissenting).

Here, counsel's certificate as written leaves unclear whether he consulted with Gorss as to his contentions of error in the entry of his guilty plea, and strict compliance with the rule demands counsel certify that he consulted with Gorss to ascertain his contentions of error in both the sentence and the entry of the guilty plea. Therefore, we find that, because counsel failed to specifically certify that he consulted with Gorss to ascertain his contentions of error with respect to his guilty plea, counsel did not strictly comply with Rule 604(d).

¶ 28                    D. Substantial Adoption of Content in Form
                              Rule 604(d) Certificate

¶ 29        Rule 604(d) also requires that the certificate be "prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article VI Forms Appendix." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Again, the form includes, *inter alia*, the following language: "I have consulted with the [d]efendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty *and* in the sentence." (Emphasis added.) Ill. S. Ct. Art. VI Forms App'x R. 604(d). Both the express language of the rule and form provide guidance to counsel that he must certify that a consultation took place to ascertain the defendant's contentions of

error as to both the sentence and the entry of the guilty plea. We do not hold that counsel must recite verbatim the language provided in the form; however, we do require that counsel's certificate be as specific as the rule demands. Rule 604(d) expressly states that counsel must state in the certificate that he has consulted with the defendant "to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In some way, counsel must state that he has consulted with the defendant as to both. Counsel may do so by writing a single sentence indicating such a consultation took place as to both (as demonstrated in the form), or counsel may choose to write separate sentences certifying the same. How counsel specifically expresses this certification in writing is a matter of choice, and it need not be identical to the form. However, each element required by the rule must be included in the certificate to strictly comply with its terms.

¶ 30                              III. CONCLUSION

¶ 31        We find that, because counsel failed to expressly certify that he consulted with Gorss as to his contentions of error in the entry of the guilty plea, counsel failed to strictly comply with Rule 604(d). Accordingly, we reverse the judgment of the appellate court and remand the cause to the circuit court for the filing of a new Rule 604(d) certificate, for the filing of a new motion to withdraw guilty plea or to reconsider sentence, and for a new hearing on the motion. See *Janes*, 158 Ill. 2d at 33.

¶ 32        Appellate court judgment reversed.

¶ 33        Circuit court judgment vacated.

¶ 34        Cause remanded.