NOTICE

Decision filed 12/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240976

NO. 5-24-0976

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 24-CM-20 |
| | ) | |
| TYRAN COE, | ) | Honorable |
| | ) | Karen E. Wall, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court, with opinion.
Presiding Justice McHaney and Justice Boie concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Tyran Coe, appeals the August 23, 2024, denial of his motion for relief and the July 15, 2024, order that granted the State's petition to revoke his pretrial release. For the following reasons, we affirm the trial court's order.

¶ 2                     I. BACKGROUND

¶ 3    On January 9, 2024, defendant was charged, by information, with criminal trespass to state supported land, in violation of section 21-5 of the Criminal Code of 2012 (720 ILCS 5/21-5 (West 2022)), a Class A misdemeanor. The incident stemmed from defendant entering upon The Grove, 1612 Edgewood, Danville, Illinois, after receiving notice from the State or its representative that his entry was forbidden. The same day, a pretrial investigation report was filed. The report stated that defendant was 18 years old and currently on pretrial release for People v. Coe, No. 23-CM-

1

467 (Cir. Ct. Vermilion County) (No. 23-CM-467) and People v. Coe, No. 23-CM-468 (Cir. Ct. Vermilion County) (No. 23-CM-468). In case No. 23-CM-468, defendant was charged with resisting a peace officer (Class A misdemeanor) and criminal trespass to land (Class B misdemeanor). In case No. 23-CM-467, defendant was charged with domestic battery (Class A misdemeanor) and disorderly conduct (Class B misdemeanor). Defendant's criminal history also included a juvenile conviction for possession of more than 100 grams but less than 500 grams of cannabis (Class 4 felony).

¶ 4     On January 10, 2024, the court ordered defendant on pretrial release with conditions in this case, circuit court No. 24-CM-20. The court noted defendant was not charged with a detention-eligible offense and thus released defendant with pretrial conditions, including that defendant was not to violate any criminal statute of any jurisdiction and he was to have no contact with The Grove.

¶ 5     On July 2, 2024, a pretrial violation report was filed. The report stated that on September 14, 2023, in case Nos. 23-CM-467 and 23-CM-468, and on January 10, 2024, in this case, defendant was placed on pretrial release with the conditions that he not violate any criminal statute and have no contact with The Grove. On June 28, 2024, officers again apprehended defendant at The Grove. The report noted this was his third time entering The Grove, despite being notified he could not enter the property, "showing a disregard for the conditions."

¶ 6     On July 15, 2024, the State filed a verified petition to revoke defendant's pretrial release pursuant to section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2022)). The petition alleged that while on pretrial release for a felony or a Class A misdemeanor, defendant had been charged with a subsequent felony or Class A misdemeanor offense that occurred during defendant's pretrial release. A hearing was held the same day.

¶ 7    At the beginning of the hearing, the court noted there were five cases before the court regarding defendant, Nos. 23-CM-467, 23-CM-468, 24-CM-20 (this current appeal), People v. Coe, No. 24-CM-419 (Cir. Ct. Vermilion County) (No. 24-CM-419), and People v. Coe, No. 24-CM-443 (Cir. Ct. Vermilion County) (No. 24-CM-443). The State explained that defendant was charged with a Class A misdemeanor criminal trespass to The Grove and a Class A misdemeanor for possessing 58.7 grams of cannabis, in case No. 24-CM-443, after officers found defendant at The Grove and discovered cannabis on and around defendant. Based on these new charges, the State requested that the court revoke defendant's pretrial release in the current appeal. The State also noted that defendant was also charged with another Class A misdemeanor count of criminal trespass to The Grove in No. 24-CM-419, but it needed time to look at that case to determine if it violated his pretrial release as well.

¶ 8    Defense counsel stated that while The Grove used to be Green Meadows and a part of the Vermilion Housing Authority, it was now privately owned. He argued this was particularly important because trespass to state supported land was a Class A misdemeanor, trespass to non-state supported land was a Class B misdemeanor, and pretrial release could not be revoked for Class B misdemeanors.

¶ 9    The State replied that it knew the property changed hands and it was unsure whether The Grove received federal or state funding. It further stated it could not "definitively say one way or the other, other than rely on law enforcement who charge [defendant] with a criminal trespass to state supported land, knowing that they have their agreements with The Grove and what not."

¶ 10    The court stated that defendant needed to be present for the hearing on the petition to revoke and defendant was brought to the courtroom. The court then "passed" on No. 24-CM-419 for a

3

while. With regard to Nos. 23-CM-467 and 23-CM-468, the court ordered that defendant remain on pretrial release. The court also ordered that defendant be released in case No. 24-CM-443.

¶ 11 After proceedings in other cases were held, the court addressed case No. 24-CM-419 and the current appeal. After some discussion, it granted pretrial release for No. 24-CM-419. It then proceeded on the State's petition to revoke pretrial release in the current appeal.

¶ 12 The State averred that the focus of the defense's argument was whether there was any state or federal funding. It argued that defendant did not provide anything to say whether The Grove was state funded or not. The State further contended that it appreciated that it carried the burden of proof and that the most recent information it received from Danville Police Department was that the police department believed The Grove was state funded. The State clarified it did not have anything definitive. However, the State argued that The Grove was still considered "Section 8" housing under the United States Department of Housing and Urban Development (HUD), and thus received federal funding through HUD. The State further argued that this was not just a case where defendant was only trespassing. He also had eight separate packages with various amounts of cannabis. As such, it asked the court to revoke defendant's pretrial release.

¶ 13 Defense counsel argued that, according to Illinois Pattern Jury Instructions, Criminal, No. 16.16 (approved Dec. 2011), it was not just a matter of federal funding, but that the federal funds must be administered or granted through state agencies. He further argued that the State made no proffer that the Section 8 HUD funding was administered or granted through state agencies. Defense counsel argued the question was whether the State had evidence that The Grove received state or federal funds that were either administered or granted through state agencies and there had been no evidence of that presented. Counsel contended he therefore did not know how the court could find probable cause for that element of the charge. Counsel admitted it was a weird situation

4

because "perhaps this argument should have been made when [defendant] was put on pretrial release, but at that point it wasn't really relevant."

¶ 14    Defense counsel argued that the legislature did not intend that the State only had to prove defendant was charged with an offense under section 110-6(a), but something more had to be shown. He did not know how the State could have proper probable cause to show the offense was a Class A misdemeanor and not a Class B misdemeanor.

¶ 15    The State replied that disregarding the criminal trespass to state supported land, defendant was also charged with a Class A misdemeanor possession of cannabis. It argued the court already ruled that defendant was charged with a Class A misdemeanor and any motion challenge to that finding should have been filed prior to defendant committing the new offenses. It would be the State's burden at trial to show the inner workings of the government and how the state received federal funds. The State contended that the court could take judicial notice that, in this state, federal funds were not provided without the state somehow being involved. It clarified that again, it was their burden at trial, not for probable cause.

¶ 16    The court stated:

"So, while I get and respect the argument, I think it needs to be handled in a different way, under the way the statute works. If the original charge was improper, you have a basis for that. Until that gets sorted out, I am going to detain him. I am going to find that the State has met their burden. A Class A misdemeanor was charged and the State has submitted by clear and convincing evidence that there's no condition or combination of conditions that's going to reasonably ensure that he quit committing offenses while on pretrial release. We've got new offenses being committed, those offenses are filed—the one marijuana case

5

is a Class A misdemeanor. The others are very subject to argument. And we've got a number of cases that are pending for [defendant] of a similar nature.

***

He keeps returning to The Grove, the Court further will add that as a basis for the finding. He keeps going to The Grove when he's been ordered to stay out of there."

¶ 17 The court entered an order on July 15, 2024, revoking defendant's pretrial release. The court found that while defendant was on pretrial release for a felony or Class A misdemeanor, he was charged with another felony or Class A misdemeanor. It further found, by clear and convincing evidence, that no combination of conditions of release would reasonably assure the appearance of defendant for subsequent hearings or prevent defendant from subsequently being charged with a felony or Class A misdemeanor. The order stated the court's findings were based on "New offenses committed while on P.T. release. Same types of cases pending. Defendant keeps returning to The Grove when ordered to stay away."

¶ 18 Another pretrial violation report was filed on July 16, 2024. The report stated that defendant was spotted at The Grove and ran from officers. When officers apprehended him, they found several bags of cannabis on and around defendant. Consequently, defendant was charged with criminal trespass to state supported land (720 ILCS 5/21-5(a) (West 2022)) and possession of more than 30 grams but less than 100 grams of cannabis (720 ILCS 550/4(c) (West 2022)) in case No. 24-CM-443.

¶ 19 On August 7, 2024, defendant filed a motion for relief. The motion argued that the charges for criminal trespass on state supported land in this case and case Nos. 24-CM-419 and 24-CM-443 were improper because The Grove was not state supported land. The motion alleged The Grove was privately owned and the Vermilion Housing Authority did not own, administer, or

maintain the buildings. It argued that any charges of trespass on non-state supported land would be Class B misdemeanors, that pretrial release for Class B misdemeanors may not be revoked, and that the court could only impose sanctions. The motion thus asserted the case in the instant matter, and case Nos. 24-CM-419 and 24-CM-443, were incorrectly charged and could not form the basis for revocation as the alleged crimes were Class B misdemeanors. The motion further contended that the possession of cannabis charge for knowingly possessing more than 30 grams but less than 100 grams of cannabis in case No. 24-CM-443 also could not form the basis for revocation where the Cannabis Regulation and Tax Act (410 ILCS 705/10-15(b) (West 2022)) provided that a "person under 21 years of age with cannabis in his or her possession is guilty of a civil law violation as outlined in paragraph (a) of Section 4 of the Cannabis Control Act." The motion concluded that the court therefore erred in revoking defendant's pretrial release and in finding by clear and convincing evidence that there were no conditions of release that would prevent defendant from consequently being charged with a felony or Class A misdemeanor, and finding probable cause for a Class A misdemeanor criminal trespass to state supported lands for all three cases.

¶ 20    On August 23, 2024, a hearing was held on defendant's motion. Defense counsel stated that defendant was on pretrial release from a criminal trespass to state supported land and, while on pretrial release, was charged with two additional counts of criminal trespass to state supported land in case Nos. 24-CM-419 and 24-CM-443. At the hearing on the petition to revoke pretrial release, defense counsel argued that the charges of trespass to state supported lands were inappropriate because The Grove was private owned property.

¶ 21    The court stated, "I have no idea what, who owns that, or you know whether it's state supported, whether it's HUD properties. Do they get some sort of money for that. And so, there's a burden on you here." Defense counsel asserted that attached to the motion were documents

7

showing that the property was sold in 2021 to a private owner, who has been paying taxes on the property. He argued that HUD vouchers that property owners receive were issued on behalf of the clients. The property owner was not entitled to be paid based on being the property owner, but HUD funds were simply rent money that the state gave to the individuals. It was not a benefit of the property; "they actually have to jump through more hoops to qualify to be able to get that." He also contended that The Grove was not present on the Vermilion County Housing Authority list. Defense counsel admitted that he could not find a definition for state supported property.

¶ 22 The State argued that the property has always taken federal and HUD housing money to operate for some of their tenants. It claimed the statute only requires that the property receive some money from a state or federal organization; the money does not have to fund the entire property. It further contended that defense counsel's argument was rejected at the previous hearing on the petition to revoke. It further argued he failed to present any new evidence to change the previous ruling.

¶ 23 Defense counsel argued that he provided evidence that the property was sold to a private company. The company was paying taxes, so it was not a government owned facility. They received vouchers, which HUD provided to the residents for housing, in exchange for rent.

¶ 24 The court asked if either party found law defining "state supported property." Neither did. The court then denied the motion for relief.

¶ 25 Defendant appealed. Defendant's appointed counsel, Office of the State Appellate Defender, filed a notice in lieu of a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024). The notice stated that this court had jurisdiction over the matter and, pursuant to Rule 604(h)(7), defendant was not filing a memorandum. Accordingly, we

8

consider the arguments asserted in the motion for relief. See *id.* ("The motion for relief will serve as the argument of the appellant on appeal.").[1]

¶ 26                                    II. ANALYSIS

¶ 27    Pretrial release—including the conditions related thereto—is governed by article 110 of the Code (725 ILCS 5/art. 110 (West 2022)), as amended by Public Acts 101-652 and 102-1104 (eff. Jan. 1, 2023). Revocation of previously issued pretrial release conditions is addressed in section 110-6(a). 725 ILCS 5/110-6(a) (West 2022). Section 110-6(a) provides for revocation when "a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor" and "is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release." *Id.* In addition to being charged with a subsequent felony or Class A misdemeanor on release, the "State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 28    Generally, our standard of review of pretrial release determinations is twofold. The trial court's factual findings are reviewed under the manifest weight of the evidence standard. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 12. " 'A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented.' " *Id.* (quoting *People v. Deleon*, 227 Ill. 2d 322, 332 (2008)). We review the trial court's ultimate determination regarding the denial of pretrial

---

[1]Pursuant to Illinois Supreme Court Rule 604(h)(8) (eff. Apr. 15, 2024), our decision in this case was due on or before December 16, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under article 110 of the Code currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

release for an abuse of discretion. *Id.* ¶ 11. "An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the trial court." *Id.*; see *People v. Heineman*, 2023 IL 127854, ¶ 59. "[I]n reviewing the circuit court's ruling for abuse of discretion, we will not substitute our judgment for that of the circuit court, 'merely because we would have balanced the appropriate factors differently.' " *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *People v. Cox*, 82 Ill. 2d 268, 280 (1980)).

¶ 29 Defendant's arguments in the motion for relief asserted that the court erred in revoking defendant's pretrial release where all the relevant charges were not Class A misdemeanors. Defendant's arguments essentially assert that the State either needed to prove by clear and convincing evidence the elements of all the relevant Class A misdemeanor charges or that there was probable cause to charge defendant with criminal trespass to state supported land. Such arguments require this court to determine what the State needed to prove for revocation under section 110-6(a) of the Code. See 725 ILCS 5/110-6(a) (West 2022).

¶ 30 Statutory interpretation presents a question of law that is subject to *de novo* review. *People v. Smith*, 2016 IL 119659, ¶ 15. The primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature, and all other rules are subordinate to this principle. *People v. Jamison*, 229 Ill. 2d 184, 188 (2008). "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Clark*, 2019 IL 122891, ¶ 20. "A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Id.*

¶ 31 Section 110-6(a) provides in relevant part:

10

"When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.

\* \* \*

\*\*\* The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022).

¶ 32 With respect to the underlying charge, section 110-6(a) allows for revocation if pretrial release was granted for a felony or Class A misdemeanor. Nothing in the plain language of the statute requires any level of proof as to any element of the offense on which pretrial release was granted.

¶ 33 We find further support in section 110-6.1 (*id.* § 110-6.1), which regards denial of pretrial release. "When interpreting a statute, a court must 'view all provisions of an enactment as a whole,' taking care not to isolate words and phrases but reading them 'in light of other relevant provisions of the statute.' " *People v. Clark*, 2024 IL 130364, ¶ 15 (quoting *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000)). Section 110-6.1 explicitly requires—*inter alia*—that the State prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense before the court may deny pretrial release. 725 ILCS 5/110-6.1(e)(1) (West 2022). No such requirement is provided in section 110-

11

6(a). As such, we can infer that the legislature did not intend to impose such requirement before the court could revoke pretrial release.

¶ 34    "[W]here the language used is plain and unambiguous, we may not 'depart from its terms' or read into the rule exceptions, limitations, or conditions that conflict with the drafters' intent." *People v. Gorss*, 2022 IL 126464, ¶ 10 (quoting *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 38 (2009)). The only requirement pertaining to the underlying charge was that pretrial release was granted on a felony or Class A misdemeanor. Here, defendant was charged with a Class A misdemeanor and was granted pretrial release for that charge on January 10, 2024.

¶ 35    For the same reasons, we also reject defendant's argument with respect to the subsequently charged Class A misdemeanor committed while on release. In this regard, section 110-6(a) requires the State to show defendant was "charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release" and prove by clear and convincing evidence that no combination of pretrial release conditions would "prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022). The legislature has clearly imposed a burden to require the State to provide evidence that defendant committed the subsequent offense for pretrial release purposes when it intended to do so. See *id.* § 110-6.1(e)(1). Nothing in section 110-6(a) requires the State to provide clear and convincing evidence that defendant committed each element of the subsequent charge or establish probable cause for the subsequent charge. We therefore refuse to insert such condition before a court could revoke a defendant's pretrial release. See *Gorss*, 2022 IL 126464, ¶ 10.

¶ 36    Nevertheless, we note that the State proffered facts supporting the subsequently charged Class A misdemeanor of possession of cannabis. Defendant contends that the possession of cannabis offense was also incorrectly charged as a Class A misdemeanor where the Cannabis

12

Regulation and Tax Act provides that a "person under 21 years of age with cannabis in his or her possession is guilty of a civil law violation as outlined in paragraph (a) of Section 4 of the Cannabis Control Act." 410 ILCS 705/10-15(b) (West 2022). We disagree.

¶ 37     Section 4(a) of the Cannabis Control Act applies for possession of "not more than 10 grams" of cannabis. 720 ILCS 550/4(a) (West 2022). Defendant here was not charged under section 4(a) of the Cannabis Control Act; he was charged under section 4(c), which applies for possession of "more than 30 grams but not more than 100 grams" of cannabis. *Id.* § 4(c). The State proffered that when officers apprehended defendant at The Grove, defendant had bags of cannabis on and around him that totaled 58.7 grams. Thus, there was sufficient proof presented that defendant's actions while on pretrial release constituted a Class A misdemeanor under section 4(c) of the Cannabis Control Act.

¶ 38     Based on this record, we find the court's finding that no combination of conditions of release would reasonably assure the appearance of defendant for subsequent hearings or prevent defendant from subsequently being charged with a felony or Class A misdemeanor was not against the manifest weight of the evidence. Defendant demonstrated consistent disregard for court orders by repeatedly violating the conditions of his pretrial release in this case and previous cases. His violations led to additional criminal charges, including Class A misdemeanors. Accordingly, we find the court did not abuse its discretion in revoking defendant's pretrial release.

¶ 39                                III. CONCLUSION

¶ 40     For the reasons stated herein, we affirm the trial court's order granting the State's petition to revoke defendant's pretrial release.

¶ 41     Affirmed.

13

*People v. Coe*, 2024 IL App (5th) 240976

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Vermilion County, No. 24-CM-20; the Hon. Karen E. Wall, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Lauren A. Bauser, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |